UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14050-CR-MOORE/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RONNIE ELIJAH HIGHTOWER,

    Defendant.

_____/

FILED by _____ D.C.

NOV 18 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON FINAL HEARING IN RESPECT TO PETITION ALLEGING VIOLATIONS OF SUPERVISED RELEASE [D.E. 44]

**THIS CAUSE** having come on to be heard for a final hearing on November 18, 2016 in respect to the aforementioned Petition, and this Court having received evidence and arguments of counsel, makes the following recommendation to the District Court:

    1.    The Defendant is charged in a Petition with the following violations:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about September 14, 2016 in Saint Lucie County, Florida, the defendant committed the offense of possession with intent to sell, manufacture, deliver cocaine, contrary to Florida Statute 893.13(1)(a)(1). |
| **Violation Number 2** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about September 14, 2016 in Saint Lucie County, Florida, the defendant committed the offense of possession with intent to sell, manufacture, deliver cocaine, contrary to Florida Statute 893.13(1)(a)(1). |

| | |
|---|---|
| **Violation Number 3** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about September 14, 2016 in Saint Lucie County, Florida, the defendant committed the offense of possession with intent to distribute a controlled substance, crack cocaine, contrary to 21 U.S.C. § 841(a)(1). |

2.  Counsel stated that the Defendant has no objection to the Court considering and making part of the record at this final hearing all evidence and arguments heard by this Court at the Detention Hearing on October 17, 2016 [D.E. 53]. At that Detention Hearing, defense counsel was present as well as the Defendant. This Court received evidence and arguments of counsel concerning these violations. Counsel for the Defendant also stated on the record at this hearing that the Defendant had no objection to the Court taking into consideration the October 11, 2016 Memorandum from USPO Maghan to Chief Judge Moore setting forth the facts in this case.

3.  This Court questioned the Defendant on the record. He understands that his attorney is stating that he wishes to stand mute at this hearing since there is an associated criminal case setting forth new criminal charges against the Defendant in Case No. 16-14061-Cr-Rosenberg/Lynch. The Defendant understands and agrees that this Court can take into consideration all evidence previously heard at the Detention Hearing in this matter as well as the Memorandum of October 11, 2016 referenced above. The Defendant further stated that he understands that this Court will recommend to Chief Judge Moore that the Defendant be found to have violated his supervised release in respect to each of the three violations which this Court then read into the record to the Defendant. Finally, the Defendant stated he understood that all which will remain will be for Chief Judge Moore

to conduct a sentencing hearing in this matter should Chief Judge Moore agree with this Court's Report and Recommendation.

4.      Based upon the foregoing, this Court will incorporate into this record all evidence and arguments heard at the Detention Hearing in this matter on October 17, 2016 which resulted in this Court's pretrial Detention Order [D.E. 53]. This Court will also take into consideration and make part of this record the October 11, 2016 Memorandum from USPO Maghan to Chief Judge Moore as referenced above. Based upon the evidence received in this case, this Court will recommend that the Defendant be found to have violated his supervised release in respect to the three violations set forth in the Petition. It is not necessary that this Court restate the facts since the incorporation of this Court's previous Detention Order and the Memorandum of USPO Maghan sufficiently sets forth the specific evidence in this case. This Court finds that the government has established by a preponderance of the evidence standard each of the violations set forth in the Petition based upon the totality of the evidence and the record in this case.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to each of the three violations set forth in the Petition filed herein [D.E. 44] and that the District Court set a sentencing hearing at its earliest convenience for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right

to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this ___18___ day of November, 2016, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. K. Michael Moore
AUSA Marton Gyires
AFPD Fletcher Peacock
U. S. Probation